# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

| | | |
|---|---|---|
| Katherine L. McDaniel<br>To Call Writer Directly:<br>(212) 446-6403<br>katherine.mcdaniel@kirkland.com | (212) 446-4800<br><br>www.kirkland.com | Facsimile:<br>(212) 446-4900 |

October 15, 2013

**Via ECF**

Hon. James L. Cott
United States Magistrate Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl St.
Courtroom 18A
New York, NY 10007-1312

      Re:    *Jiang v. Zhang*, 12-CV-8374 (WHP) (JLC)

To the Honorable Judge Cott:

I write on behalf of Plaintiffs to address the unresolved issues in scheduling depositions in the above-captioned case.

**<u>Plaintiffs Seek to Take Eight Highly Relevant Depositions</u>**

At this time, Plaintiffs seek to schedule eight (8) depositions, each of which have already been noticed.

Five (5) of the depositions that Plaintiffs seek are of named Defendants in the case—Tian Sheng Wang, Xiao Tu Zhang, Zhuai Run Lu, Yuan Wei Cao, and a single 30(b)(6) deposition of the two corporate Defendants, East Village Grand Sichuan, Inc. and Grand Sichuan Int'l St. Marks, Inc. Each individual Defendant possesses relevant information to this case, a point conceded by Plaintiffs when they listed these individuals in their initial disclosures. Moreover, given the nature of the claims at issue in this case, which involve the corporate Defendants, Plaintiffs need to take at least one 30(b)(6) deposition of a formally designated corporate witness. Defendants have not disputed these points.

In addition to these five depositions, Plaintiffs have also noticed and/or subpoenaed three (3) third-parties:

- Mr. Sen Yang, Defendants' bookkeeper;

## KIRKLAND & ELLIS LLP

Hon. James L. Cott
October 15, 2013
Page 2

- Chan & Co. LLC, Defendants' accountant; and

- Mr. Joe Kwan, a former manager of the restaurant.

Each of these parties was explicitly proffered as a witness who has information and/or testimony that is highly relevant to this litigation. Indeed, Mr. Kwan was listed in Defendants' initial disclosures as an "individual likely to have discoverable information that the disclosing party may use to support its claims and defenses." As for Mr. Yang and Chan & Co., when Plaintiffs were attempting to collect necessary documents and ESI (which included payroll and accounting documents directly related to Plaintiffs' wages), Defendants repeatedly asserted that such information was in the sole possession of Mr. Yang and/or Chan & Co.

After protracted discussions and a conference held before this Court, Plaintiffs finally received the requested documents from Mr. Yang and Chan & Co. Defendants, however, continue to deny knowledge concerning these documents and, on that basis, have refused to answer interrogatories about them. Accordingly, Plaintiffs are entitled to depose Mr. Yang and a corporate designated witness from Chan & Co. to ask about documents that these third-parties produced, as well as to inquire into other areas of knowledge with respect to this litigation that these third-parties may possess. To date, Defendants have never refuted these facts nor have they denied the importance of these third-party witnesses to this litigation. Moreover, Mr. Kwan and counsel for Chan & Co. have expressed a willingness to have their depositions taken.

Despite the highly relevant nature of the depositions that Plaintiffs seek to take, as detailed below, Defendants have refused to schedule the eight depositions noticed by Plaintiffs.

**Defendants Refuse to Schedule Depositions Despite Plaintiffs' Numerous Attempts to Resolve the Matter**

Defendants' conduct has made it impossible to schedule the depositions that need to be taken in this case.

Plaintiffs first proposed a schedule to Defendants on September 13, 2013, the day of the previous conference before this Court. Plaintiffs proposed schedule included eighteen (18) deposition dates—Plaintiffs would take the 8 aforementioned depositions, Defendants would take the depositions of the 7 Plaintiffs, and three dates would be reserved for any potential third-parties to be noticed by Defendants. Plaintiffs included these placeholders for Defendants, despite the fact that Defendants have yet to issue a single notice of deposition or third-party subpoena.

# KIRKLAND & ELLIS LLP

Hon. James L. Cott
October 15, 2013
Page 3


Defendants did not respond to Plaintiffs' proposal for three days. On September 16, 2013, Mr. Samuel Chuang, on behalf of Defendants, finally responded with a counter proposal. Mr. Chuang's proposed schedule, however, was entirely unworkable.

Specifically, Mr. Chuang's initial schedule reserved only fifteen (15) dates for depositions, only six of which were reserved for depositions of Defendants and third-parties by Plaintiffs ("plaintiffs' choice" as referred to in Defendants' email). But, as detailed above, Plaintiffs had already noticed eight depositions, well below the limits set by the Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure. Moreover, the order of depositions in Defendants' proposed schedule clearly prejudiced Plaintiffs as it slotted depositions of five of the named Plaintiffs before Plaintiffs had even taken a second deposition. The schedule also ignored that while Plaintiffs noticed their depositions months ago and have been diligently trying to schedule them, Defendants, in contrast, have yet to actually issue a single deposition notice.

Plaintiffs tried to raise the foregoing issues with Defendants and resolve them on numerous occasions. On September 17, 2013, one day after receiving Defendants' proposed schedule, Plaintiffs responded with a revised schedule and an explanation for the revisions. Plaintiffs also requested that Mr. Chuang telephonically attend a meet and confer on September 19, 2013, along with Defendants' co-counsel, Xue & Associates. Mr. Chuang did not respond and did not participate in the September 19, 2013 meet and confer held between Plaintiffs and Xue & Associates. On September 19, 2013, Plaintiffs sent Mr. Chuang a summary of the September 19, 2013 meet and confer and again highlighted the problems with Mr. Chuang's proposed schedule. Mr. Chuang again failed to respond. On October 1, 2013, Plaintiffs sent a second follow-up letter, again copying Plaintiffs' proposed deposition schedule and asking for a response. Once again, Mr. Chuang did not respond. Finally, on October 4, 2013, Plaintiffs were forced to request a formal meet and confer; it was only then that Mr. Chuang acknowledged receipt of Plaintiffs' previous communications but offered no substantive response.

On October 7, 2013, at approximately 4:00 PM, the parties held a telephonic meet and confer regarding deposition scheduling that lasted approximately twenty minutes. Mr. Chuang attended on behalf of the corporate defendants and Defendants Xiao Tu Zhang and Tian Sheng Wang, and Andrew S. Jacobs attended on behalf of Plaintiffs. At the meet and confer, Plaintiffs re-iterated our need to take eight depositions—those of the five aforementioned named defendants and the three noticed third-parties. Mr. Chuang stated that he would only be able to take or defend a total of fifteen (15) depositions, and refused to take any less than eight depositions, leaving Plaintiffs with only seven depositions. At this juncture, Plaintiffs informed Defendants that they

## KIRKLAND & ELLIS LLP

Hon. James L. Cott
October 15, 2013
Page 4

believed the parties to be at an impasse regarding the scheduling of the aforementioned depositions, and that they would seek relief from the Court.[1]

Plaintiffs note that they have copied Xue & Associates on all of the above and subsequent correspondence between Plaintiffs and Mr. Chuang concerning the scheduling of depositions in this case. Further, in order to resolve the conflicts noted above, Plaintiffs explicitly asked Xue & Associates whether they would be willing to assist Mr. Chuang with taking or defending a handful of depositions. Unfortunately, Xue & Associates refused to assist or participate in the scheduling of depositions.

For these reasons, Plaintiffs would have been within their rights to seek immediate relief from this Court, but in order to avoid wasting the Court's time unnecessarily, Plaintiffs reached out to Benjamin Xue at Xue & Associates and informed him that unless he could persuade Mr. Chuang to change his position, Plaintiffs would seek redress from the Court. At that point, Mr. Xue finally agreed to participate in the process of scheduling depositions and stated that he would speak with Mr. Chuang.

After discussions between Defense co-counsel, on October 9, 2013, Mr. Chuang proposed a "new" deposition schedule. However, this schedule was not a significant departure from his previous proposal and remained unworkable for at least two reasons.

*First*, Plaintiffs' most recent proposal continues to limit the number of depositions Plaintiffs may take to seven depositions. Defendants have cited no authority or provided any other basis, other than counsel's personal opinion, for their position that Plaintiffs are not entitled to take the eight depositions that it has already noticed (four individual Defendants, three third-party witnesses, and a 30(b)(6) of the two corporate Defendants).

*Second*, despite the representations Defendants made in their October 9, 2013 email regarding the order of depositions, their proposal fails to indicate which Plaintiffs, Defendants, or third-parties will be deposed on any of the dates suggested. Without any suggested individuals for

---

[1] Oddly, when Plaintiffs expressed their intent to take the matter to the Court, Mr. Chuang threatening to take the case "nuclear" by noticing additional depositions so that Plaintiffs would have to invest more time in this case. Plaintiffs pointed out that if Mr. Chuang was able to make himself available for these additional depositions, then there was no reason he could not also make himself available to attend the depositions that Plaintiffs have already noticed in good faith. Unfortunately, Mr. Chuang was not persuaded by this logic. Given the Court's directive during the September 13, 2013 Court conference that it did not wish to hear the parties various "complaints," Plaintiffs were hesitant to bring this exchange to the Court's attention. However, in light of Defendants' other actions, Plaintiffs believe Mr. Chuang's comments are pertinent as they demonstrate an unwillingness to engage in reasoned and productive negotiations.

## KIRKLAND & ELLIS LLP

Hon. James L. Cott
October 15, 2013
Page 5

depositions, it is impossible to coordinate the scheduling of depositions for Plaintiffs, Defendants, and third parties, all of whom have their own schedules and are only available on certain dates. Plaintiffs provided defense counsel with information concerning each individual Plaintiff's schedule over two months ago, on August 7, 2013. There is no reason for Mr. Chuang to ignore this information in drafting Defendants' proposed schedule.

Independent from these two issues, Plaintiffs also note that Mr. Chuang still has not entered an appearance for two of the named Defendants -- Yuan Wei Cao and Zhuai Run Lu.

On October 11, 2013, ignoring the fact that Defendants have not yet noticed the depositions of any Plaintiff or third-party, Plaintiffs proposed an alternative deposition schedule allowing for sixteen (16) depositions, which would accommodate all of Plaintiffs' currently requested deposition needs. In that letter, Plaintiffs explained that if they did not receive a response from Defendants regarding the proposed deposition schedule by the close of business on Monday, October 14, 2013, we would have no choice but to seek intervention from the Court. A copy of Plaintiffs' October 11, 2013 letter is attached to this letter as Exhibit A.

It is now near close of business on Tuesday, October 15, 2013, and Plaintiffs have not received any response. At this point, Defendants' dilatory tactics threaten to derail the already truncated deposition schedule, and Plaintiffs have no choice but to bring this matter before the Court.

**Request for Relief**

While Plaintiffs are hesitant to bring this matter to the Court's attention for the second time, Defense counsel's actions have made clear that additional meet-and-confers will not resolve the issues presented above. For this reason, Plaintiffs request a conference with the Court pursuant to Local Rule 37.2 to discuss a deposition schedule or, alternatively, Plaintiffs request leave to file a motion to compel and request for appropriate relief, including but not limited to implementation of the schedule proposed by Plaintiffs in their October 11, 2013 letter and/or costs.

Sincerely,

*/s/ Katherine L. McDaniel*

CC:    All counsel of record (via ECF)